UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JEFFREY WOODS,<br>    Plaintiff, | Case No. 1:19-cv-333 |
| vs | Barrett, J.<br>Bowman, M.J. |
| PETER ROSENWALD,<br>    Defendant. | **REPORT AND<br>RECOMMENDATION** |

Pro se plaintiff, an inmate at the Marion Correctional Institution, has filed a document titled "Notice of Removal of Civil Action from State Court to Federal Jurisdiction pursuant to 28 U.S.C. § 1332(a)(c)(1)[,] § 1441(B)[,] § 1367." (Doc. 1-2). Plaintiff has also filed a motion to stay the state-court proceedings. (Doc. 2).[1] By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is before the Court for a *sua sponte* review of the Notice of Removal, which the Court construes as a petition for removal of a state-court action to this federal court, to determine whether the Court has jurisdiction over this matter. *See* 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3).

Plaintiff seeks to remove to this Court an action that he filed in the Hamilton County, Ohio, Court of Common Pleas (Case No. A1801976). (*See* Doc. 1-2, at PageID 16-17; *see also* Doc. 1-3, at PageID 22-26). For the reasons stated below, removal is improper.

Removal is governed by 28 U.S.C. § 1441, which provides in relevant part: "[A]ny civil action brought in a State court of which the district courts of the United States have original

---

[1]Plaintiff indicates that he has filed a similar motion to stay proceedings in the Hamilton County Court of Common Pleas. (Doc. 2, at PageID 150). For the purposes of this Report and Recommendation, the Court assumes, without deciding, that plaintiff has provided prompt notice of his petition for removal to the state court and defendant as required under 28 U.S.C. § 1446(d).

jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). "Only state-court actions that originally could have been filed in federal court may be removed to federal court *by the defendant*." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (emphasis added). A plaintiff, however, may not remove his own action from state court to federal court. *See, e.g.*, *Russell v. Caruso*, No. 1:07-cv-662, 2007 WL 3232126, at *4 (W.D. Mich. Oct. 30, 2007) (citing *Conner v. Salzinger*, 457 F.2d 1241, 1243 (3d Cir. 1972)).

Moreover, plaintiff's notice of removal was filed well after the thirty-day time period for filing a notice of removal. *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]").[2]

Accordingly, in sum, the Court lacks subject matter jurisdiction over this case. Petitioner's petition for removal should be denied, the matter should be dismissed from the docket of the Court, and the case should be remanded back to the state court. In light of the undersigned's above recommendations, plaintiff's motion to stay the state-court proceedings (Doc. 2) should be denied as moot.

---

[2]This Court may take judicial notice of court records that are available on-line to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1990)). The Hamilton County Court of Common Pleas docket reveals that plaintiff filed his state-court action in April 2018 and defendant filed a motion to dismiss or in the alternative for summary judgment in May 2018. (The on-line trial-court docket was viewed at the Hamilton County Clerk of Courts website under Case No. A1801976 at https://www.courtclerk.org.). Plaintiff thus waited approximately a year after the filing of defendant's motion to seek removal.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The petition for removal of a state-court action to this federal court be **DENIED**.

2. The matter be **DISMISSED** from the docket of the Court.

3. The matter be **REMANDED** to the state court. *See* 28 U.S.C. § 1447(c).

4. Plaintiff's motion to stay the state-court proceedings (Doc. 2) be **DENIED as moot**.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JEFFREY WOODS,<br>    Plaintiff, | Case No. 1:19-cv-333 |
| vs | Barrett, J.<br>Bowman, M.J. |
| PETER ROSENWALD,<br>    Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).