**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Jeffrey Woods,

    Plaintiff,

v.

Peter Rosenwald,

    Defendant.

Case No. 1:19cv333

Judge Michael R. Barrett

## ORDER

This matter is before the Court on the Magistrate Judge's May 17, 2019 Report and Recommendations ("R&R") (Doc. 6), Plaintiff's Notice of Removal (Doc. 1-2), Plaintiff's Motion to Stay the State Court Proceedings (Doc. 2), and Plaintiff's Objections to the R&R (Doc. 10).

### I.    STANDARDS OF REVIEW

When objections are made to a magistrate judge's report and recommendation on a nondispositive matter, this Court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). The "clearly erroneous" standard applies to the magistrate judge's factual findings and the "contrary to law" standard applies to the legal conclusions. *Sheppard v. Warden, Chillicothe Corr., Inst.*, 1:12-CV-198, 2013 WL 146364, *5 (S.D. Ohio Jan. 14, 2013). Legal conclusions should be modified or set aside if they "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district

judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

## II. PROCEDURAL HISTORY

Plaintiff is proceeding in this matter *pro se*. Plaintiff is an inmate at the Marion Correctional Institution. On April 17, 2018, Plaintiff filed suit against Defendant in the Hamilton County Court of Common Pleas, alleging legal malpractice and demanding thirty-one million dollars in noneconomic damages. (Doc. 1-3). Plaintiff claims that his criminal convictions in 1986 were due to Defendant's negligent representation. (Doc. 1-3). After Defendant filed a Motion to Dismiss, or in the alternative, for Summary Judgment (Doc. 1-3), Plaintiff filed a Notice of Removal in this Court on May 3, 2019. (Doc. 1-2).

Upon review pursuant to 28 U.S.C. § 1915(e)(2)(B), the Magistrate Judge concluded that this Court lacks subject matter jurisdiction over this case; and the case should be remanded back to the state court.

## III. ANALYSIS

In his Objections, Plaintiff states that the Magistrate Judge only determined subject-matter jurisdiction under 28 U.S.C. §§ 1441(a) and 1446(b); but this Court has diversity jurisdiction over this case under 28 U.S.C. §1332(a)(c)(1) and supplemental jurisdiction over the malpractice claim under 28 U.S.C. §1367. (Doc. 10). Further, Plaintiff claims that, pursuant to an Ohio statute, the state court does not have jurisdiction over civil cases where the award for noneconomic damages exceeds $250,000. Because the

2

instant civil case seeks damages of thirty-one million dollars, Plaintiff claims that the state court has no jurisdiction over his case. (Doc. 10).

The party seeking removal bears the burden of establishing federal court jurisdiction. *Mays v. City of Flint*, 871 F.3d 437, 442 (6th Cir. 2017). Removal statutes are strictly construed, and "all doubts should be resolved against removal." *Id.* (quoting *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007)).

The procedure for removal is addressed by 28 U.S.C. § 1446 while 28 U.S.C. § 1441 specifies which actions are generally removable. *Lilly Indus. v. Emp'rs Ins. of Wausau*, 2001 U.S. Dist. LEXIS 531, at *11 (W.D. Mich. Jan. 16, 2001). Section 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Courts have consistently interpreted 28 U.S.C. § 1441 as allowing only defendants—and not plaintiffs—to remove an action to federal court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941) ("We can find no basis for saying that Congress, by omitting from the present statute all reference to 'plaintiffs,' intended to save a right of removal to some plaintiffs and not to others."); *Russell v. Caruso*, No. 1:07-cv-662, 2007 WL 3232126, at *4 (W.D. Mich. Oct. 30, 2007) ("There are no provisions allowing for a plaintiff to seek removal of a civil action . . . ."); *Yonkers Racing Corp. v. Yonkers*, 858 F.2d 855, 863 (2d Cir. 1988) ("Quite simply, a party who is in the position of a plaintiff cannot remove."); *FIA Card Servs., N.A. v. Gachiengu*, No. H-07-2382, 2008 WL 336300, at *1 (S.D. Tex. Feb. 5, 2008) ("The federal statute governing removal only

authorizes removal by state court defendants. . . . As a general rule, it is improper for plaintiffs to remove a case to federal court."). Here, Plaintiff—not Defendant—sought to remove this action. Accordingly, removal is improper.

Moreover, 28 U.S.C. § 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). Here, Plaintiff filed his state court action on April 17, 2018. (Doc. 1-3). Plaintiff filed the Notice of Removal on May 3, 2019. (Doc. 1-2). Accordingly, even if Plaintiff were authorized to remove the action, removal was untimely.

## IV. CONCLUSION

Having reviewed this matter *de novo* in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court finds the Magistrate Judge's R&R (Doc. 6) to be thorough, well-reasoned, and correct. Accordingly, the Magistrate Judge's May 17, 2019 R&R (Doc. 6) is **ADOPTED** in its entirety, and Plaintiff's Objections (Doc. 10) are **OVERRULED**. It is hereby **ORDERED** that:

1. The petition for removal of a state-court action to this federal court is **DENIED**;

2. This matter is **DISMISSED** from the docket of the Court.

3. This matter is **REMANDED** to the Hamilton County Court of Common Pleas. *See* 28 U.S.C. § 1447(c); and

4. Plaintiff's Motion to Stay the State Court proceedings (Doc. 2) is **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

    */s/ Michael R. Barrett*
Michael R. Barrett
United States District Court